UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA ANGELICA SOLTERO,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>Defendant. | No.  2:23-cv-0521 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge erred with respect to the treatment of plaintiff's testimony and at step four of the sequential evaluation.

////

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023.  See https://blog.ssa.gov/martin-j-omalley-sworn-in-as-commissioner-of-social-security-administration/ (last visited by the court on February 21, 2024).  Accordingly, Martin O'Malley is substituted in as the defendant in this action.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 7.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

On April 19, 2021, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on September 21, 2016.  (Transcript ("Tr.") at 10, 215-16.)  Plaintiff's alleged impairments included fibromyalgia, arthritis, a heart condition, GERD, and hypothyroidism.  (Id. at 252.)  Plaintiff's application was denied initially, (id. at 87-90), and upon reconsideration.  (Id. at 98-102.)

Plaintiff requested an administrative hearing, which was held before an Administrative Law Judge ("ALJ") on May 5, 2022.  (Id. at 26-43.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 26-30.)  In a decision issued on June 1, 2022, the ALJ found that plaintiff was not disabled.  (Id. at 18.)  The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2022.
>
> 2. The claimant has not engaged in substantial gainful activity since September 21, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: inflammatory arthritis, fibromyalgia, and obesity.  (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is right hand dominant and can perform right hand handling and fingering frequently; she can climb ramps and stairs frequently; she can frequently balance, stoop, crouch, kneel, and crawl; she can never climb ladders or scaffolds; she can perform no work at unprotected heights; and the claimant must avoid concentrated exposure to moving mechanical parts.
>
> 6. The claimant is capable of performing past relevant work as a Property manager.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

2

> 7. The claimant has not been under a disability, as defined in the Social Security Act, from September 21, 2016, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 13-17.)

On January 19, 2023, the Appeals Council denied plaintiff's request for review of the ALJ's June 1, 2022 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 17, 2023. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.

3

> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ erroneously rejected plaintiff's subjective testimony; and (2) the ALJ failed to properly evaluate plaintiff's ability to do past relevant work.[3]  (Pl.'s MSJ (ECF No. 11) at 8-15.[4])

**I.      Plaintiff's Subjective Testimony**

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis.  First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

---

[3] The court has reordered plaintiff's claims for sake of clarity and efficiency.

[4] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks
2  omitted).  "The clear and convincing standard is the most demanding required in Social Security
3  cases."  Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).  "At
4  the same time, the ALJ is not required to believe every allegation of disabling pain, or else
5  disability benefits would be available for the asking[.]"  Molina v. Astrue, 674 F.3d 1104, 1112
6  (9th Cir. 2012).

7        "The ALJ must specifically identify what testimony is credible and what testimony
8  undermines the claimant's complaints."[5]  Valentine v. Commissioner Social Sec. Admin., 574
9  F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,
10  599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other
11  things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]
12  testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work
13  record, and testimony from physicians and third parties concerning the nature, severity, and effect
14  of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59
15  (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792
16  (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the
17  record, the court "may not engage in second-guessing."  Id.

18        Here, the ALJ recounted plaintiff's testimony as follows:

19  
20  
21  
22  
> During the hearing, the claimant alleged disability due to her severe physical impairments.  More specifically, the claimant testified that symptoms such as constant pain "all over" her body, muscle weakness, and joint and muscle tenderness limit her ability to engage in prolonged physical activity such as standing, walking, or lifting/carrying.  The claimant further explained that stress can cause her fibromyalgia to "flare".  During a flare, the claimant experiences

23  ////

---

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness."  Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

>> her worst pain in areas such as her hands, her neck, and her bilateral lower extremities.

(Tr. at 15) (citation).

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained" in the decision.[6] (Id.)

Following a discussion of some medical evidence the ALJ stated that "despite the claimant's allegations of constant pain throughout her body, generalized joint and muscle pain, fatigue, and joint swelling, the evidence of record does not fully support the claimant's allegations about the severity of these symptoms." (Id.) However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's subjective complaints were not corroborated by the objective clinical findings in the ALJ's view was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical

////

---

[6] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the claimant's RFC. By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

The ALJ's error is especially harmful here given plaintiff's fibromyalgia. Fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." Benecke v. Barnhart, 379 F.3d 587, 590 (9th Cir. 2004). The "symptoms are entirely subjective." Jordan v. Northup Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 872 (9th Cir. 2004) overruled on other grounds by Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006) (en banc); see also Welch v. UNUM Life Ins. Co. of Am., 382 F.3d 1078, 1087 (10th Cir. 2004) (fibromyalgia presents conundrum for insurers and courts because no objective test exists for proving the disease, its cause or causes are unknown, and its symptoms are entirely subjective).

The ALJ also attempted to support the rejection of plaintiff's testimony by relying on plaintiff's activities of daily living such as gardening, "preparing simple meals, and watching television." (Tr. at 16.)  However,

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012). The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001); see also Garrison, 759 F.3d at 1016 (citation omitted) ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

Accordingly, the ALJ failed to provide a clear and convincing reason for rejecting plaintiff's testimony. Plaintiff, therefore, is entitled to summary judgment on this claim.

////

## II. Step Four Error

Plaintiff also challenges the ALJ's finding at step four of the sequential evaluation that plaintiff could perform past relevant work as a property manager. (Pl.'s MSJ (ECF No. 11) at 10-11.) "At step four, claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Work performed more than 15 years prior is generally not considered by the Commissioner because a "gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply." 20 C.F.R. § 404.1565(a).

Here, plaintiff testified to having worked as a property manager, having training with "laws and stuff we needed to know in regard to renting their place," but to have never possessed a real estate license. (Tr. at 40.) Plaintiff also reported this work required plaintiff to "walk property," and that plaintiff "worked on computer, leasing supervise employees and volunteers, deal with the vendors, post rents both manually and on the computers." (Id. at 237.)

The VE and the ALJ, however, asserted that plaintiff could perform past relevant work as a "Property manager (DOT 186.117-042)." (Id. at 17.) However, DOT code 186.117-042 corresponds to the position of "Manager, Land Development" the duties of which include coordinating "activities of land development company and negotiates with representatives of real estate, private enterprise and industrial organizations, and community leaders to acquire and develop land[.]" DICOT 186.117-042. Such work is not at all consistent with plaintiff's past relevant work described above. Accordingly, plaintiff is also entitled to summary judgment on this claim.[7]

////

////

---

[7] Defendant argues that even if the ALJ did err, any such error was harmless. (Def.'s MSJ (ECF No. 13) at 9.) Given the ALJ's harmful error with respect to plaintiff's testimony the court need not reach this argument.

8

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff ask that this matter be remanded for further proceedings. (Pl.'s MSJ (ECF No. 11) at 16.) That is the appropriate course of action and plaintiff's request, therefore, will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 11) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 13) is denied;

3. The Commissioner's decision is reversed;

////

////

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: March 21, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\soltero0521.ord